**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

COOPERATIVE PERSONNEL SERVICES (dba CPS HR CONSULTING), a California Joint Powers Authority,

Plaintiff,

v.

BREANA LOPEZ, an individual, AMY BIGONE, an individual, OFT CONSULTING LLC, a California Limited Liability Company, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-02573-DAD-CKD

**TEMPORARY RESTRAINING ORDER**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

On August 10, 2026, the Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") filed by Plaintiff COOPERATIVE PERSONNEL SERVICES (dba CPS HR CONSULTING) ("CPS HR") came on for hearing in Courtroom 4 of the above-entitled Court, the Honorable Dale A. Drozd presiding. CPS HR was represented by Dan Baxter of Kronick, Moskovitz, Tiedemann & Girard, Sacramento, California. Defendants BREANA LOPEZ, AMY BIGONE and OFT CONSULTING LLC ("Defendants") were represented by Jennifer Lee of Husch Blackwell, LLP, Oakland, California.

Having reviewed the Motion and all additional pleadings and papers submitted by CPS HR and Defendants in support of and opposition to the Motion, having considered the oral argument of counsel for CPS HR and Defendants, and good cause appearing, the Court finds as follows:

1. CPS HR is likely to succeed on the merits of its claims for violation of the (Federal) Defend Trade Secrets Act (First Cause of Action) and violation of the California Uniform Trade Secrets Act (Second Cause of Action), respectively;
2. CPS HR is likely to suffer irreparable harm in the absence of a temporary restraining order;
3. The balance of equities tips in CPS HR's favor, such that CPS HR would be harmed more by the erroneous denial of a temporary restraining order than Defendants would be harmed by the erroneous granting of such an order; and
4. The issuance of a temporary restraining order is in the public interest.

Based on the above findings, THE COURT HEREBY ORDERS AS FOLLOWS:

a. Defendants are hereby immediately restrained from any further taking, use, and/or dissemination of CPS HR's CONFIDENTIAL BUSINESS INFORMATION. For purposes of this Order, "CONFIDENTIAL BUSINESS INFORMATION" shall refer to all documents, records, data, and information downloaded by Defendants to personal devices or otherwise taken from CPS HR's computers, computer systems, or computer network during June of 2026 falling into the following categories:

- Complete examination packages comprised of actual written examinations, the examination answer keys, client information, and

proctor instructions, including examinations currently in use and in CPS HR's examination rental bank;

- Rating packets consisting of CPS HR's proprietary rating criteria, scoring rubrics, rater instructions, and exercise instructions for assessment center exercises;
- Score files containing written examinations and assessment process scores, including highly sensitive candidate evaluation data;
- Client proposals, including (a) the CPS HR master proposal template embodying the company's proprietary business strategies, and (b) nearly 1,000 individualized proposals/files (representing approximately 118 clients) organized by client name, some of which include the complete pricing evolution for clients over a span of years;
- Confidentiality statements identifying CPS HR's clients and key contacts, as well as client project directories containing information for over 20 organizational clients, including public agencies in Arizona, California, Colorado, and Nevada, the disclosure of which could be used to solicit, divert, or otherwise appropriate CPS HR's consumer base;
- Fully executed contracts with CPS HR clients, many of which are government and public agencies entrusted with critical public safety functions, including law enforcement, fire protection, emergency response, and other essential governmental services responsible for community welfare;
- Invoices issued to CPS HR clients containing detailed financial information, billing practices, and pricing data; and
- Billing templates and invoices showcasing CPS HR's billing practices and project pricing data.

b. No later than August 26, 2026, or at such later time as may be needed by the vendor specified herein, Defendants shall transfer all devices in their possession, custody, or control on which CONFIDENTIAL BUSINESS INFORMATION is contained to CyberCorp Forensics ("CyberCorp"), a third-party forensic consultant to be jointly retained as a neutral custodian by CPS HR and the Defendants.[1] For the duration of

[1] The parties are currently in the process of engaging CyberCorp, and shall use best efforts to formalize that engagement. If for unanticipated reasons that engagement is unable to be concluded, the parties may mutually agree on the use of another qualified forensic vendor.

this Order, CyberCorp shall (i) maintain the transferred devices in an unaltered state, ensuring that no data or metadata contained thereon is deleted, transferred, or modified in any way, (ii) create and maintain a forensically sound, write-blocked image of each device promptly upon receipt, and (iii) store the devices and related images in a secure location with a documented chain of custody.

c. CyberCorp's custody of the devices under this Order shall continue until the earlier of (i) further order of the Court, (ii) written agreement of the parties as to the disposition of the devices, or (iii) resolution of CPS HR's motion for a preliminary injunction referenced below, at which time the Court will address whether continued custody, forensic examination, and/or return of the devices is warranted.

d. Following CyberCorp's receipt of the devices under this Order, the parties shall meet-and-confer regarding whether any access, inspection, or analysis of the devices or data thereon is necessary for purposes of (i) reaching an agreement on the terms of a Preliminary Injunction, and/or (ii) presenting the parties' respective positions on the issuance of a Preliminary Injunction to the Court. If the parties are unable to agree on the terms of such access, inspection, or analysis, they may submit the matter to the Court for consideration on an expedited basis by filing a joint brief not to exceed six double-spaced pages in length (excluding caption page) setting forth their respective positions.

e. Within thirty (30) days after the conclusion of this case, or such other period as the Court may order, CyberCorp shall return all deposited devices to Defendants and shall destroy any forensic images or copies made pursuant to this Order, unless the parties otherwise agree in writing or the Court orders otherwise.

f. No later than August 28, 2026, inclusive, CPS HR and its duly-qualified surety shall give, sign, and acknowledge a bond for the benefit of Defendants in the amount of $5,000; said bond shall state the conditions of the obligation that is the subject of the bond, and shall contain a provision expressly subjecting it to all applicable federal law.

g. The Court shall forthwith enter a Protective Order/Sealing Order ("PO/SO") in the form attached hereto as Exhibit "A," which PO/SO shall apply to Exhibit 1 to the Declaration of Matt Hicks ("Audit Logs") submitted in support of the Motion; upon the entry of said PO/SO, CPS HR's counsel shall transmit the Audit Logs to defense counsel subject to the terms of the PO/SO. Should it become necessary for whatever reason for the Audit Logs to be filed with the Court, such filing shall be made under seal and subject to the terms of the PO/SO.

h. Following the above-referenced transmission of the Audit Logs to defense counsel, CPS HR's counsel and defense counsel shall meet-and-confer for purposes of determining whether CPS HR and Defendants can voluntarily agree upon a form of Preliminary Injunction that shall apply for the duration of this case, or until such other time as the Court may order. If the parties are able to reach agreement, the Court—subject to any revisions it deems appropriate—will enter such a Preliminary Injunction. If the parties are not able to reach agreement, CPS HR's motion for a preliminary injunction will be briefed and heard pursuant to the schedule set forth immediately below.

i. Hearing on CPS HR's motion for a preliminary injunction shall be held on October 19, 2026 at 1:30 p.m. in Courtroom 4 of the above-entitled Court. CPS HR's moving papers shall be filed on or before September 21, 2026, inclusive; Defendants' opposition papers shall be filed on or before October 5, 2026, inclusive; CPS HR's reply papers shall be filed on or before October 12, 2026, inclusive. While the page limits set forth in Courtroom 4's Standing Order in Civil Cases remain operative, the parties are encouraged to avoid unnecessary duplication with the briefing already provided in support of and opposition to the instant Motion.

/////

/////

/////

/////

j. Pursuant to Eastern District Local Rule 231(c)(8), Defendants may apply to the Court for modification or dissolution of this Order on two (2) days' notice, or such shorter notice as the Court may allow upon Defendants' application.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE