**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

COOPERATIVE PERSONNEL SERVICES (dba CPS HR CONSULTING), a California Joint Powers Authority,

Plaintiff,

v.

BREANA LOPEZ, an individual, AMY BIGONE, an individual, OFT CONSULTING LLC, a California Limited Liability Company, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-02573-DAD-CKD

**PROTECTIVE ORDER/SEALING ORDER**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

In conjunction with the Temporary Restraining Order entered by the Court concurrently herewith, the Court hereby makes the instant orders relative to the forensic audit logs ("Audit Logs") referenced in the Declaration of Matt Hicks filed by Plaintiff COOPERATIVE PERSONNEL SERVICES (dba CPS HR CONSULTING) ("CPS HR").[1]

Having considered CPS HR's request for the entry of a protective order and sealing order relative to the Audit Logs, having additionally taken into account the non-opposition of Defendants BREANA LOPEZ, AMY BIGONE, and OFT CONSULTING LLC to the entry of such orders, and good cause appearing, the Court finds as follows:

1. The Audit Logs contain confidential information that is of value to CPS HR, such that release of that information in the public domain (such as through a publicly-accessible court filing) could cause economic or other harm to CPS HR;
2. The public interest in accessing the information contained in the Audit Logs is outweighed by CPS HR's interest in maintaining that information as confidential;
3. Defendants do not oppose the entry of a protective order/sealing order relative to the Audit Logs; and
4. The entry of a protective order/sealing order will help to facilitate (a) the transmission of the Audit Logs to Defendants, (b) the filing—as necessary—of the Audit Logs (or information contained therein) with the Court, and (c) the use of the Audit Logs (or information contained therein) in the context of this case, including the parties' possible resolution of disputes related thereto.

Based on the above findings, THE COURT HEREBY ORDERS AS FOLLOWS:

a. <u>Protective Order Over Audit Logs</u>: The Audit Logs shall be designated as "CONFIDENTIAL" and Defendants shall not disclose or discuss the Audit Logs or information contained therein with any person or entity other than (1) Defendants

[1] For clarity of reference, Mr. Hicks' declaration was filed with the Court on July 31, 2026, and is "Document 5-4" on the Court's CM/ECF docket. The Audit Logs themselves are referenced at Paragraph 5 of Mr. Hicks' declaration, and are contained in the spreadsheet designated as Exhibit 1 thereto.

themselves, (2) Defendants' attorneys and necessary employees thereof, and (3) consultants and expert witnesses (including support personnel) of Defendants' attorneys, provided that any such consultants/expert witnesses/support personnel agree to be bound by this Order by executing the Acknowledgment and Agreement set forth as Appendix "A" (Doc. No. 16-1 at 4).

b. Sealing Order Over Audit Logs: In conformity with Section V. of this Court's Standing Order in Civil Cases, all Court filings of the Audit Logs or information contained thereon shall be filed under seal via transmission to ApprovedSealed@caed.uscourts.gov, without the need for any separate request for leave to seal or notice associated therewith. The Audit Logs and/or information contained therein shall *not* be filed via CM/ECF or otherwise transmitted to the Court in a publicly-accessible form.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE